UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORIYON D. MITCHELL,                                        Case No. 1:24-cv-00087

     Plaintiff,                                                   HON.

v.

CITY OF ZEELAND; and,
MATT BOWYER, *Individually and Official Capacity
as Police Officer of the Zeeland Police Department*,

     Defendants.

_____/

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
E-mail: sdrew@dca-lawyers.com
E-mail: asturdivant@dca-lawyers.com

_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff, Toriyon D. Mitchell, by and through his attorneys DREW COOPER & ANDING,

alleges and states as follows:

## JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a) (1), (2), (3), and (4) and the aforementioned statutory and constitutional provisions, as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

2.    Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

3.    The claims brought are cognizable under the United States Constitution and 42 U.S.C. § 1923 and under Michigan Law.

4.    Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

## GENERAL BACKGROUND

6.    The paragraphs above are incorporated by reference as if fully stated herein.

7.    Plaintiff Toriyon D. Mitchell is a 32 year-old African American male citizen of the United States and was at all relevant times a resident of the City of Holland in the County of Allegan, State of Michigan.

8.    Defendant City of Zeeland is a municipal corporation located in the County of Ottawa, State of Michigan, and is a governmental body organized and existing under the

constitution and laws of the State of Michigan and conducting business within the territorial limits of the United States District Court of the Western District of Michigan.

9. Defendant Matt Bowyer was at all relevant times employed by Defendant City of Zeeland as an agent, employee, representative, and police officer of the Defendant City of Zeeland and the Zeeland Police Department. Mr. Bowyer is sued individually and in his official capacity.

10. The Zeeland Police Department is a department of Defendant City of Zeeland, and is a governmental body organized and existing under the constitution and laws of the State of Michigan and conducting business within the territorial limits of the United States District Court of the Western District of Michigan.

11. Timothy L. Jungel was at all relevant times employed as Chief of Police of the City of Zeeland Police Department.

12. At all relevant times, Defendants were acting under color of law, including under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of Zeeland, County of Ottawa, State of Michigan.

## FACTUAL ALLEGATIONS

13. The paragraphs above are incorporated by reference as if fully stated herein.

14. This is an action for money damages against Defendant City of Zeeland, and Defendant Matt Bowyer individually and in his official capacity, for violating Plaintiff Toriyon Mitchell's constitutional rights and other rights accorded him by common and statutory law.

15. On January 30, 2022, at approximately 10:15 p.m., Plaintiff Mitchell was driving westbound on BL I-196 in the city of Zeeland on his way to make a DoorDash delivery to a customer.

16. At the same time, Defendant Officer Matt Bowyer was driving his City of Zeeland police vehicle also traveling westbound on BL I-196.

17. Plaintiff Mitchell and Defendant Bowyer were stopped side by side at a red traffic signal on westbound BL I-196 near South State Street. In Officer Bowyer's dashcam video, Plaintiff Mitchell can be seen slowly accelerating down westbound BL I-196, and Defendant Bowyer can be seen accelerating slightly behind Plaintiff Mitchell.

18. Plaintiff was driving a mid-size, black, four-cylinder 2017 Chevrolet Impala.

19. Once past the intersection, Defendant Bowyer then gets in the far-left lane to make a U-turn so that he's now traveling eastbound on BL I-196.

20. While driving eastbound on BL I-196, Defendant Bowyer contacts the Ottawa County Central Dispatch regarding an alleged small, silver four-door vehicle speeding by and traveling westbound on BL I-196 at a speed over 100 mph near I-196 and South State Street.

21. The vehicles captured in Officer Bowyer's dashcam video appear to be traveling at a similar speed. There does not appear to be any alleged speeding vehicle traveling over 100 mph.

22. Defendant Bowyer then cuts across the grassy median and is now back to traveling westbound on BL I-196.

23.   In Officer Bowyer's dashcam video, Defendant Bowyer can be seen driving at a high rate of speed down westbound BL I-196. The alleged speeding vehicle he called into dispatch still cannot be seen.

24.   Defendant Bowyer then turned north onto 104th Avenue from westbound BL I-196. In the dashcam video, Officer Bowyer can be seen speeding down 104th Avenue. Officer Bowyer pulls behind a mid-size, black, 2017 Chevrolet Impala.

25.   The mid-size, black, 4-cylinder 2017 Chevrolet Impala is Plaintiff Toriyon Mitchell's vehicle and is clearly not the alleged small, silver four-door vehicle that Officer Bowyer called into dispatch as speeding.

26.   Nevertheless, Defendant Bowyer continued to wrongfully and falsely stop, search, and detain Plaintiff Toriyon Mitchell, subjecting Mr. Mitchell, an African American male, to racial profiling by, upon information and belief, using an alleged speeding vehicle as a pretext for stopping Plaintiff.

27.   Defendant Bowyer approaches Plaintiff's vehicle and asks him to put his hands out of the window. Bowyer tells Toriyon that he stopped him because he was chasing him after he was clocked doing 120 mph past South State Street. Defendant Bowyer also tells Plaintiff that the dashcam video will show him "smoking past the other cars."

28.   Plaintiff, who was driving a 4-cylinder vehicle, was not driving 120 mph and he was not "smoking past" any other cars.

29.   Plaintiff Toriyon Mitchell was actually just previously traveling side by side next to Defendant Bowyer at the traffic light at I-196 and South State Street, so the vehicle Defendant Bowyer claimed he saw speeding passed him could not have been Plaintiff Toriyon Mitchell, because Plaintiff can be seen in the dashcam video accelerating slowly

in his black Chevy Impala right next to Defendant Bowyer.  By the time Defendant Bowyer claims he saw a speeding vehicle at I-196 and South State Street, Plaintiff was no longer at that intersection.

30.　Even though Plaintiff did not match the alleged description of an individual driving a small silver vehicle, Defendant Bowyer, without probable cause, told Plaintiff to step out of the vehicle and instructed him to put his hands on the car.  Officer Bowyer asked Plaintiff if he had any weapons on him and wrongfully searched Plaintiff, pulling items from his pockets, and patting him down during a basic traffic stop.

31.　Plaintiff Toriyon Mitchell was also subjected to being surrounded by two additional patrol cars during a minor traffic stop. Defendant Bowyer unnecessarily requested additional assistance from Officer David TerHaar with the Zeeland Police Department and from Ottawa County Sheriff Deputy Angela Sorenson.

32.　Plaintiff was not speeding, and was not driving under the influence of alcohol, illegal drugs, or prescription drugs. However, Defendant Bowyer continued to harass, demean, embarrass, and racially profile Plaintiff Toriyon Mitchell by wrongfully subjecting him to a number of Field Sobriety Tests (approximately eight in total).

33.　There are only three field sobriety tests that are considered standard and valid by the National Highway Traffic Safety Administration (NHTSA):

　　a.　The Horizontal Gaze Nystagmus Test (which involves following an object with the eyes (such as a pen) to determine characteristic eye movement reaction);

　　b.　The Walk-and-Turn Test (heel-to-toe in a straight line); and,

　　c.　The One-Leg-Stand Test.

34.　Defendant Bowyer subjected Plaintiff to the following **eight** field sobriety tests, even though no alcohol, illegal drugs, or prescription drugs were found during Defendant Bowyer's illegal search of Plaintiff.

a.     Shining a bright light into Toriyon Mitchell's eyes and checking to see if his pupils get larger or smaller;

b.     Shining a bright light into Toriyon Mitchell's eyes and asking him to follow the light back and forth with his eyes only and without moving his head (Officer Bowyer required him to repeat this test several times);

c.     Romberg Test / Modified-Position-of-Attention Test (feet together, tilt head back, eyes closed) – usually the individual is asked to hold this position for 30 seconds but Bowyer required Toriyon to combine this test with the Alphabet test and say the alphabet from E to P while in this position;

d.     The Counting Test (Officer Bowyer asked Toriyon to count backwards from 68 to 53);

e.     The Finger Count Test (touch your thumb to each finger on your hand counting with each touch (1, 2, 3, 4 and then backwards 4, 3, 2, 1);

f.     The Horizontal Gaze Nystagmus Test (Officer Bowyer asked Toriyon to follow his finger with his eyes while he made circles…he then moved his finger in close to Toriyon's nose);

g.     Another Romberg Test / Modified-Position-of-Attention Test (feet together, tilt head back, eyes closed) – but this time Officer Bowyer asked Toriyon to open his eyes when he thought 30 seconds had passed (when Toriyon opened his eyes only 12 seconds had passed); and,

h.     The Walk-and-Turn Test (heel-to-toe in a straight line – nine steps forward and nine steps back).

35.    Plaintiff was humiliated by this point, as he knew he had not done anything wrong and was being wrongfully detained. Plaintiff believed he was being harassed and profiled by Officer Bowyer because of his race (African American).

36.    During the unnecessary field sobriety testing, Defendant Bowyer continued harassing and racially profiling Plaintiff, a black man, by continually shining a bright light in his eyes and accusing him of being on drugs and narcotics even though no drugs were found during the illegal search, and by asking Plaintiff condescending questions like, "Do you understand directions?  What's the highest level of education you have?  Did you grow up around here [Zeeland]?"

37.    Toriyon Mitchell told Officer Bowyer that he was making him feel humiliated.  Mr. Mitchell also explained that he had worked two jobs that day and was very tired, stating to

Officer Bowyer that working two jobs was probably why his eyes were red.  Officer Bowyer had even pulled a bottle of Visine from Toriyon Mitchell's pocket when he illegally searched him.

38. Defendant Bowyer told Mr. Mitchell that he did not care about any of this, he told Toriyon that he is a Drug Recognition Officer and that there was no doubt in his mind what's going on here.

39. This extended field sobriety testing that Defendant Bowyer unnecessarily subjected Plaintiff Toriyon Mitchell to was significantly beyond the standard three tests that are recognized by the NHTSA and took approximately 12 minutes to conduct.

40. That evening on January 30, 2022 it was dark and cold.  It was about 23 degrees outside with a feel-like temperature of 16 degrees.

41. No alcohol or drugs were ever found.

42. Plaintiff Toriyon Mitchell successfully completed all eight field sobriety tests.

43. Even though Plaintiff was not driving the alleged small silver vehicle Defendant Bowyer reported to dispatch as speeding, Defendant Bowyer wrongfully issued a speeding ticket to Plaintiff Mitchell for speeding 120 mph.

44. Plaintiff was not driving 120 mph and does not even believe his four-cylinder vehicle can reach or maintain a sustained speed of 120 mph.

45. Furthermore, Plaintiff and Defendant Bowyer were sitting side by side at a red traffic light on westbound I-196 near South State Street.  Therefore, the speeding vehicle Defendant Bowyer later alleged that he saw at the same intersection after he made his U-turn could not have been Plaintiff, as he can be seen in the dashcam video slowly leaving that intersection in the same moment as Defendant Bowyer.

8

46.   Around March 8, 2022, Plaintiff filed a complaint with the Grand Rapids branch of the NAACP regarding being wrongfully and falsely stopped, searched, detained, and subjected to racial profiling by Defendants.

47.   Around March 25, 2022, Officer Bowyer and Toriyon Mitchell participated in an informal hearing before a Magistrate. During the hearing, Toriyon mentioned that Officer Bowyer was right next to him at the traffic light at BL I-196 and South State Street.

48.   Around March 26, 2022, Chief of Police Tim Jungel and Defendant Matt Bowyer reviewed the dashcam video of this incident.

49.   A Motion of Nolle Prosequi was filed and all charges against Toriyon Mitchell were dismissed. The Motion of Nolle Prosequi was signed by City Attorney Donkersloot March 31, 2022, and was signed by Judge Juanita Bocanegra on April 4, 2022.

50.   Around April 20, 2022, Plaintiff Toriyon Mitchell filed a Complaint with the Michigan Department of Civil Rights against the Zeeland Police Department based on his claims of race discrimination and racial profiling, and the wrongful and false stop, search, and detention of Toriyon Mitchell.

**COUNT I**
**42 U.S.C. § 1983**
**UNREASONABLE SEIZURE – FOURTH AMENDMENT**
**DEFENDANT MATT BOWYER**

51.   The paragraphs above are incorporated by reference as if fully stated herein.

52.   Plaintiff has a clearly established right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable seizures of his person.

53.   Plaintiff was stopped for an alleged traffic violation.

54.   Defendant Matt Bowyer's unreasonable seizure of Plaintiff after an unlawful and unsubstantiated traffic stop led to Defendant Bowyer searching, detaining, and requiring

field sobriety tests of Plaintiff without probable cause or a reasonable belief that Plaintiff was committing a crime.

55.   Defendants Bowyer's actions as described in the paragraphs above were objectively unreasonable.

56.   On January 30, 2022, Defendant Matt Bowyer acted in a deliberately indifferent and/or reckless manner when he executed a false stop, seizure, detention, and acts of racial profiling against Plaintiff.

57.   Defendant Bowyer, in subjecting Plaintiff to the false stop, seizure, detention, racial profiling, and the deprivations of his constitutional and federal rights, maliciously acted with callous or reckless disregard, and deliberate indifference as to whether Plaintiff's rights would be violated by his actions.

58.   As a direct and proximate result of Defendant Bowyer's actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

59.   As a direct and proximate result of the aforementioned actions and inactions by Defendant Bowyer, Plaintiff sustained damages including but not limited to, violations of his constitutional rights, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

**COUNT II**
**42 U.S.C. § 1983**
**MUNICIPAL LIABILITY**
**DEFENDANT CITY OF ZEELAND**

60.   The paragraphs above are incorporated by reference as if fully stated herein.

61.   This count is alleged against Defendant City of Zeeland.

62.     Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department have the ultimate responsibility and authority to ensure that the City of Zeeland Police Department properly trains and supervises officers of the City of Zeeland Police Department regarding the appropriate policies and procedures to use when executing traffic stops.

63.     Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department have the ultimate responsibility and authority to ensure that the City of Zeeland Police Department properly trains and supervises officers of the City of Zeeland Police Department regarding the appropriate policies and procedures to implement to reduce and eliminate direct racial profiling and/or implicit or unconscious bias.

64.     Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department have the ultimate responsibility and authority to ensure that the City of Zeeland Police Department properly trains and supervises officers of the City of Zeeland Police Department regarding the appropriate policies and procedures to use to reduce and eliminate racial profiling.

65.     Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department have the ultimate responsibility and authority to ensure that the City of Zeeland and the City of Zeeland Police Department properly investigate the false stop, seizure, detention, and racial profiling of Plaintiff.

66.     Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department, as a matter of custom, policy and and/or practice, failed to adequately and properly investigate the false stop, seizure,

detention, and racial profiling of Plaintiff and failed to perform a thorough investigation into all the events relating to the unreasonable and unlawful search and seizure and any other constitutional, statutory, or common law violations of Plaintiff's rights.

67. Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department tolerated, authorized and/or permitted a custom, policy, practice and/or procedure of using traffic stops in an improper manner so as to bully, harass, or otherwise inconvenience private citizens.

68. Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department tolerated, authorized and/or permitted a custom, policy, practice and/or procedure of improper traffic stops and traffic stops based on racial profiling.

69. Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department tolerated, authorized and/or permitted a custom, policy, practice and/or procedure of improper traffic stops and traffic stops based on implicit or unconscious bias.

70. Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department failed to thoroughly review and investigate all policies, practices, procedures, and training materials related to the circumstances surrounding the false stop, seizure, detention, and racial profiling of Plaintiff.

71. Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department failed to train its officers, including Defendant Matt Bowyer regarding the aforementioned policies.

72.   Defendant City of Zeeland is liable for the damages Plaintiff suffered as a result of the conduct of its employee, agent, and officer, Defendant Matt Bowyer, in that after learning of its employee's violation of Plaintiff's constitutional rights, they failed to remedy the wrong.

73.   Defendant City of Zeeland and Chief Jungel in his capacity as Chief of Police of Defendant City of Zeeland and the City of Zeeland Police Department created a policy or custom under which unconstitutional practices occurred and were allowed to continue.

74.   Defendant Matt Bowyer's actions on January 30, 2022, in making the traffic stop of the Plaintiff for false reasons and when there was no probable cause and filing false information and affidavits to justify the stop was in whole or in part a result of Defendant City of Zeeland's failure to have proper policies, practices, customary procedures in place to prevent the occurrence of unconstitutional practices.

75.   Defendant City of Zeeland has been deliberately indifferent in managing subordinates who caused the unlawful condition or event, including the false stop, seizure, detention, and racial profiling of Plaintiff.

76.   Defendant City of Zeeland is responsible for the violation of Plaintiff's constitutional rights because Defendant City of Zeeland was deliberately indifferent to a custom, pattern, practice, or policy of allowing officers to racially profile citizens, exhibit implicit or unconscious bias, execute unlawful or unwarranted traffic stops, or otherwise engage in conduct resulting in the violation of constitutional, statutory, or common law rights of private citizens.

77.   Defendant City of Zeeland is responsible for the violation of Plaintiff's constitutional rights because Defendant City of Zeeland was deliberately indifferent in failing to train,

supervise, and discipline its officers, including Defendant Matt Bowyer, who engaged in such aforementioned misconduct.

78. By the aforementioned actions and/or inactions, Defendant City of Zeeland, as a matter of custom, policy and practice, deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as well as violations under 42 U.S.C. § 1983.

79. As a direct and proximate result of Defendant's actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

80. As a direct and proximate result of the aforementioned actions and inactions by Defendant City of Zeeland, Plaintiff sustained damages including but not limited to, violations of his constitutional rights, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

**COUNT III**
**42 U.S.C. § 1983**
**SUBSTANTIVE DUE PROCESS**
**DEFENDANT CITY OF ZEELAND AND DEFENDANT MATT BOWYER**

81. The paragraphs above are incorporated by reference as if fully stated herein.

82. In practice, Defendant City of Zeeland and Defendant Matt Bowyer have used their authority to bully, harass, and deprive private citizens of their civil liberties.

83. Defendant City of Zeeland and Defendant Matt Bowyer interfered with Plaintiff's property interest and his liberty interest which entitle Plaintiff the right to bodily integrity.

84. Defendants' conduct, either in their individual or collective acts, caused Plaintiff to be detained unlawfully under the color of law grossly depriving him of fundamental liberty interests.

85. Defendants have ignored procedural and substantive Due Process requirements by harassing, punishing, and bullying who they suspected participated in minor traffic violations/criminal activities despite an absence of probable cause and evidence.

86. Defendant City of Zeeland has trained its officers and has implemented a policy of transforming ordinary traffic stops into invasive searches, seizures, and lengthy wrongful detentions, flouting constitutional requirements related to private property and liberty interests.

87. Defendants' actions intentionally and willfully deprived Plaintiff of his property interests and Plaintiff's liberty interests without due process of law and without recourse for the arbitrary, abusive, and harassing, conduct of Defendants.

88. Defendants' actions proximately caused damages to Plaintiff as previously and subsequently alleged.

89. Defendants acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his constitutional rights.

90. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendant.

91. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

92. As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained damages including but not limited to, violations of his constitutional rights, mental anguish, fright, shock, embarrassment, humiliation,

mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

**COUNT IV**
**FOURTEENTH AMENDMENT**
**EQUAL PROTECTION**
**DEFENDANT CITY OF ZEELAND AND DEFENDANT MATT BOWYER**

93.   The paragraphs above are incorporated by reference as if fully stated herein.

94.   Plaintiff has a clearly established right of equal protection to be free from selective enforcement of the law based on considerations such as race.

95.   Defendant City of Zeeland and Defendant Matt Bowyer have, under color of law, deprived Plaintiff of the rights, privileges, and immunities afforded to him by the United States Constitution, including the right to equal protection under the Fourteenth Amendment.

96.   Plaintiff was subjected to a traffic stop without probable cause or reasonable suspicion of wrongdoing.

97.   The traffic stop occurred for no other reason than the presence of Plaintiff's immutable, protected characteristic; being a Black/African-American citizen.

98.   Defendants violated the equal protection rights of Plaintiff when they:

    a.   Accused Plaintiff of driving at a speed of 120 mph;

    b.   Stopped Plaintiff although the color and description of the speeding vehicle did not match Plaintiff's vehicle;

    c.   Subjected Plaintiff to being surrounded by two additional patrol cars during a minor traffic stop when Defendant Bowyer unnecessarily requested additional assistance from Officer David TerHaar with the Zeeland Police Department and from Ottawa County Sheriff Deputy Angela Sorenson;

    d.   Subjected Plaintiff to eight field sobriety tests even though Plaintiff exhibited no signs of impairment or inebriation;

    e.   Asked Plaintiff about his level of education;

    f.   Asked Plaintiff if he understood "directions";

    g.   Issued a press release stating with specific detail that Plaintiff committed certain traffic offenses, when video evidence available at the time the press release was

issued clearly demonstrated that Plaintiff had not committed any traffic offense; and,

h.   Other federal and state constitutional, statutory, and common law violations of Plaintiff's rights.

99.   The above actions and omissions by Defendants were deliberate and intentional and exhibit deliberate indifference to and/or reckless disregard for Plaintiff's constitutional rights, and other similarly situated Black/African-American citizens, all in violation of their constitutional rights.

100.   There is no rational basis in treating Plaintiff, or other similarly situated Black/African-American citizens differently.

101.   In the alterative, Plaintiff was a class of one and there was no rational basis to justify the unequal treatment he faced, regardless of his membership in a protected class.

102.   As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained damages including but not limited to, violations of his constitutional rights, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

**SUPPLEMENTAL STATE LAW CLAIMS**

**COUNT V**
**MICHIGAN CONSTITUTION ARTICLE I, § 11**
**UNREASONABLE SEIZURE**
**DEFENDANT MATT BOWYER**

103.   The paragraphs above are incorporated by reference as if fully stated herein.

104.   Plaintiff has a clearly established right under the Michigan Constitution to be free from unreasonable seizures of his person.

105.   Plaintiff was stopped for an alleged traffic violation.

106.   Defendant Matt Bowyer stopped Plaintiff without probable cause or a reasonable belief that Plaintiff was committing a crime.

107.   Defendant Matt Bowyer seized and detained Plaintiff without probable cause or a reasonable belief that Plaintiff was committing a crime.

108.   Defendant Matt Bowyer's acts were objectively unreasonable.

109.   On January 30, 2022, Defendant Matt Bowyer acted in a deliberately indifferent and/or reckless manner when he executed a false stop, seizure, detention, and acts of racial profiling against Plaintiff.

110.   Defendant Matt Bowyer, in subjecting Plaintiff, to the false stop, seizure, detention, and acts of racial profiling, and the deprivations of his constitutional and federal rights maliciously, acted with callous or reckless disregard, and deliberate indifference as to whether Plaintiff's rights would be violated by Defendant's actions.

111.   As a direct and proximate result of Defendant Matt Bowyer's actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

112.   As a direct and proximate result of the aforementioned actions and inactions by Defendant Matt Bowyer, Plaintiff sustained damages including but not limited to, violations of his constitutional rights, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

### COUNT VI
### MICHIGAN CONSTITUTION ARTICLE I, § 17
### DUE PROCESS
### DEFENDANT CITY OF ZEELAND AND DEFENDANT MATT BOWYER

113.   The paragraphs above are incorporated by reference as if fully stated herein.

114.   Plaintiff has clearly established Due Process rights under the Michigan Constitution.

115.   In practice, Defendant City of Zeeland and Defendant Matt Bowyer have used their authority to bully, harass, and deprive private citizens of their civil liberties.

116.   Defendant City of Zeeland and Defendant Matt Bowyer interfered with Plaintiff's property interest and his liberty interest which entitles Plaintiff the right to bodily integrity.

117.   Defendants' conduct, either in their individual or collective acts, caused Plaintiff to be detained unlawfully under the color of law grossly depriving him of fundamental liberty interests.

118.   Defendants have ignored procedural and substantive Due Process requirements by harassing, punishing, and bullying who they suspected participated in minor traffic violations/criminal activities despite an absence of probable cause and evidence.

119.   Defendant City of Zeeland has trained its officers and has implemented a policy of transforming ordinary traffic stops into invasive searches, seizures, and lengthy wrongful detentions, flouting constitutional requirements related to private property and liberty interests.

120.   Defendants' actions intentionally and willfully deprived Plaintiff of his property interests and Plaintiff's liberty interests without due process of law and without recourse for the arbitrary, abusive, and harassing, conduct of Defendants.

121.   Defendants' actions proximately caused damages to Plaintiff as previously and subsequently alleged.

122.   Defendants acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his constitutional rights.

123.    Due to the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendant.

124.    As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

125.    As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained damages including but not limited to, violations of his constitutional rights, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

## COUNT VII
## NEGLIGENCE
## DEFENDANT MATT BOWYER

126.    The paragraphs above are incorporated by reference as if fully stated herein.

127.    Defendant Matt Bowyer had a common law duty to act reasonably at all times when he was interacting with Plaintiff on January 30, 2022.

128.    Defendant Matt Bowyer failed to act reasonably as he carried out his tasks and responsibilities granted to him by Defendant City of Zeeland and Timothy Jungel as Chief of Police of the City of Zeeland Police Department.

129.    At all relevant times and places, Defendant Matt Bowyer was an agent, employee, and officer of Defendant City of Zeeland and the City of Zeeland Police Department.

130.    At all relevant times, Defendant Matt Bowyer was acting in the course and scope of his employment with the Defendant City of Zeeland and the City of Zeeland Police Department

and within the scope of his authority as a law enforcement officer of the City of Zeeland Police Department, a division/department of Defendant City of Zeeland.

131.    Defendant Matt Bowyer breached the duties owed to Plaintiff and was grossly negligent as that term is used and defined in MCL 691.1407(2)(c), when he conducted himself by the actions described above, said acts having been committed with reckless disregard for Plaintiff's health, safety, Constitutional, statutory, and common law rights.

132.    Defendant Matt Bowyer's conduct rose to the level of gross negligence that was the proximate cause of Plaintiff's damages sustained as a result of being unreasonably and unlawfully searched, seized, detained, and racially profiled by Defendant Matt Bowyer (MCL 691.1407(2)).

133.    Defendant Matt Bowyer owed Plaintiff a duty to protect and uphold his federal and state constitutional, statutory, and common law rights.

134.    Defendant Matt Bowyer failed to act in a manner that would protect, uphold, and respect Plaintiff's Constitutional, statutory, and common law rights to:

a.      Be free from unreasonable seizures of his person;

b.      Be free from false stops, seizures, detention, and racial profiling;

c.      Due process of law; and,

d.      Other federal and state constitutional, statutory, and common law rights.

135.    Contrary to the duties owed to Plaintiff at the above time and place, Defendant Matt Bowyer was grossly negligent and breached said duties and violated Plaintiff's federal and state constitutional and statutory rights.

136.    Due to Defendant Matt Bowyer's gross negligence, Defendant Bowyer should not be afforded statutory immunity under the Michigan Governmental Tort Liability Act (MCL 691.1407, *et al.*).

137.   As a direct and proximate result of Defendant Matt Bowyer's gross negligence, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

138.   As a direct and proximate result of the aforementioned actions and inactions by Defendant Matt Bowyer, Plaintiff sustained damages including but not limited to, violations of his constitutional rights, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

**COUNT VIII**
**MICHIGAN CONSTITUTION ARTICLE I, § 2**
**EQUAL PROTECTION**
**DEFENDANT CITY OF ZEELAND AND DEFENDANT MATT BOWYER**

139.   The paragraphs above are incorporated by reference as if fully stated herein.

140.   Plaintiff has a clearly established right of equal protection under the Michigan Constitution to be free from selective enforcement of the law based on considerations such as race.

141.   Defendant City of Zeeland and Defendant Matt Bowyer have, under color of law, deprived Plaintiff of the rights, privileges, and immunities afforded to him by the United States Constitution, including the right to equal protection under the Fourteenth Amendment.

142.   Plaintiff was subjected to a traffic stop without probable cause or reasonable suspicion of wrongdoing.

143.   The traffic stop occurred for no other reason than the presence of Plaintiff's immutable, protected characteristic; being a Black/African-American citizen.

144.   Defendants violated the equal protection rights of Plaintiff when they:

    a.   Accused Plaintiff of driving at a speed of 120 mph;

    b.   Stopped Plaintiff although the color and description of the speeding vehicle did not match Plaintiff's vehicle;

c.   Subjected Plaintiff to being surrounded by two additional patrol cars during a minor traffic stop when Defendant Bowyer unnecessarily requested additional assistance from Officer David TerHaar with the Zeeland Police Department and from Ottawa County Sheriff Deputy Angela Sorenson;

d.   Subjected Plaintiff to eight field sobriety tests even though Plaintiff exhibited no signs of impairment or inebriation;

e.   Asked Plaintiff about his level of education;

f.   Asked Plaintiff if he understood "directions";

g.   Issued a press release stating with specific detail that Plaintiff committed certain traffic offenses, when video evidence available at the time the press release was issued clearly demonstrated that Plaintiff had not committed any traffic offense; and,

h.   Other federal and state constitutional, statutory, and common law violations of Plaintiff's rights.

145.   The above actions and omissions by Defendants were deliberate and intentional and exhibit deliberate indifference to and/or reckless disregard for Plaintiff's constitutional rights, and other similarly situated Black/African-American citizens, all in violation of their constitutional rights.

146.   There is no rational basis in treating Plaintiff, or other similarly situated Black/African-American citizens differently.

147.   In the alterative, Plaintiff was a class of one and there was no rational basis to justify the unequal treatment he faced, regardless of his membership in a protected class.

148.   As a direct and proximate result of the aforementioned actions and inactions by Defendants, Plaintiff sustained damages including but not limited to, violations of his constitutional rights, mental anguish, fright, shock, embarrassment, humiliation, mortification, damage to reputation, disruption of personal life, loss of enjoyment of the ordinary pleasures of living, loss of wages, and other damages known and unknown.

## **DAMAGES**

149.   The paragraphs above are incorporated by reference as if fully stated herein.

150.    As a direct and proximate result of the actions and/or inactions of Defendant City of Zeeland

and Defendant Matt Bowyer as stated above, Plaintiff Toriyon Mitchell suffered the

following damages:

a.      Violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments
to the United States Constitution to be free from an unreasonable search and seizure
of his person;

b.      Violation of the right to Due Process of Law under the Fourteenth Amendment to
the United States Constitution;

c.      Violation of the right to Equal Protection under the Fourteenth Amendment to the
United States Constitution;

d.      Violation of his rights under the Michigan Constitution under Article I, § 11 to be
free from an unreasonable search and seizure of his person;

e.      Violation of his rights under the Michigan Constitution under Article I, § 17 to due
process;

f.      Violation of his rights under the Michigan Constitution under Article I, § 2 to equal
protection;

g.      Emotional trauma and suffering, including fear, embarrassment, humiliation,
emotional distress, frustration, extreme inconvenience, anxiety, and other trauma
and suffering known and unknown;

h.      Lost wages;

i.      Expenses related to payment of fines and fees incurred in reference to charges and
infractions issued;

j.      Loss of liberty; and,

k.      Other damages as a result of federal and state constitutional, statutory, and common
law violations of Plaintiff's rights.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Toriyon D. Mitchell, respectfully requests this Court and the

finder of fact to enter a Judgment in Plaintiff's favor and against Defendant City of Zeeland and

Defendant Matt Bowyer on all counts in an amount consistent with the proofs of trial, and seeks

against Defendant City of Zeeland and Defendant Matt Bowyer all appropriate damages arising out

of law, equity, and fact for each or all of the above counts where applicable and hereby requests

that the trier of fact award Plaintiff Toriyon Mitchell all applicable damages, including but not

limited to compensatory, special, exemplary and/or punitive, in whatever amount the Plaintiff is

entitled, and all other relief arising out of law, equity and fact, also including but not limited to:

a.     Actual and Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to medical expenses, wage loss, expenses related to payment of fines and attorney fees related to the criminal prosecution, mental anguish, anxiety, humiliation and embarrassment, violation of Plaintiff's Constitutional rights, and other damages to be proved;

b.     Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

c.     Reasonable attorney fees, interest and costs;

d.     Equitable or injunctive relief sufficient to protect Plaintiff from any ongoing or future harassment and intimidation from Defendants; and,

e.     Any such other and further relief as the Court deems reasonable, just, and proper.

Respectfully submitted,

Dated: January 29, 2024          By:    /s/ Stephen R. Drew
                                          Stephen R. Drew (P24323)
                                          Adam C. Sturdivant (P72285)
                                          DREW COOPER & ANDING
                                          Attorneys for Plaintiff
                                          80 Ottawa Avenue NW, Suite 200
                                          Grand Rapids, Michigan  49503
                                          Phone: (616) 454-8300
                                          Email: sdrew@dca-lawyers.com
                                          Email: asturdivant@dca-lawyers.com

## **JURY DEMAND**

Plaintiff, Toriyon D. Mitchell, by and through his attorneys, DREW COOPER &
ANDING, hereby demands a trial by jury on all claims set forth above.

Respectfully submitted,

Dated:  January 29, 2024                                By:      /s/ Stephen R. Drew
                                                                          Stephen R. Drew (P24323)
                                                                          Adam C. Sturdivant (P72285)
                                                                          DREW COOPER & ANDING
                                                                          Attorneys for Plaintiff
                                                                          Grand Rapids, Michigan  49503
                                                                          Phone: (616) 454-8300
                                                                          Email: sdrew@dca-lawyers.com
                                                                          Email: asturdivant@dca-lawyers.com